## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Daniel Beam, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Harris & Harris, Ltd., | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

### PARTIES

1. Plaintiff, Daniel Beam ("Dan"), is a natural person who resided in McHenry, Illinois, at all times relevant to this action.

2. Defendant, Harris & Harris, Ltd. ("H&H"), is an Illinois limited company that maintained its principal place of business in Chicago, Illinois, at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.,* because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

1

**STATEMENT OF FACTS**

6.    At all times relevant to this action, H&H collected consumer debts.

7.    H&H regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8.    The principal source of H&H's revenue is debt collection.

9.    H&H is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

10.    At all relevant times, H&H was engaged in "trade" and "commerce" as defined by 815 ILCS 505/1(f).

11.    As described, *infra*, H&H contacted Dan to collect a debt that was incurred primarily for personal, family, or household purposes.

12.    This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13.    Dan is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.    On July 22, 2022, Dan was attacked by seven individuals while riding the Chicago Transit Authority "Red Line" train in Chicago.

15.    The assailants attempted to rob Dan, and during the robbery Dan was stabbed, kicked in his face, and struck with a liquor bottle over his head. He sustained significant injuries that required treatment at a local hospital.

16.    Along with his physical injuries, Dan was also diagnosed with post-traumatic stress disorder as a result of the crime.

17.    Due to the significant injuries Dan sustained, he incurred medical bills related to the treatment of his injuries. The debt that H&H was attempting to collect was for these medical bills.

18.    Having incurred injuries related to being a victim of a violent crime, Dan filed a claim with the Illinois Crime Victims Compensation Program and was approved for the program.

2

19. Section 18.5(b) states in part that "…[a] vendor that receives notice of the filing of a claim under this Act with the Court of Claims or Attorney General must cease all debt collection activities against the applicant for a related debt."

20. On July 17, 2023, Dan received a text message from H&H. The text message stated "Daniel, Harris&Harris is a debt collector for NW Medicine. To Pay: icurl.co/EcWvT. STOP to stop, msg&data rates may apply."

21. The CFPB requires that any disclosures sent to consumers via written or electronic communication be "clear and conspicuous." *See 12 CFR Part 1006 (Regulation F), Comment for 1006.6-Communications in Connection with Debt Collection.*

22. The language in the text message was not clear to Dan, did not clearly communicate what "Stop to stop" meant, and therefor violated the FDCPA.

23. On or about July 24, 2023, Dan contacted H&H to request an email address to send notice of his claim with the Illinois Crime Victims Compensation Program. A copy of the notice is attached as Exhibit A.

24. Dan spoke with a representative who was rude, condescending, and initially refused to provide him with an email address to send the notice, falsely stating that Dan needed to include a reference number. He told the representative he did not want any further calls regarding the debt and ended the call.

25. After finally receiving the email address, Dan emailed the notice to H&H and again reiterated his desire for H&H to cease all collection activities.

26. Incredibly, after sending the email, Dan received a phone call from H&H. When he answered the phone, the representative from H&H immediately hung up.

27. H&H's continued attempts to collect a debt after receiving Dan's cease and desist was very upsetting to Dan and he felt as though he was being harassed for simply enforcing his rights.

28. H&H's actions violated the FDCPA.

29. Dan has endured concrete and particularized harm due to H&H's conduct, which has manifested in various ways such as:

   a. **Invasion of Privacy**: H&H's unsolicited contact and continued contact after receiving a "cease and desist" invaded Dan's personal life.

   b. **Emotional Distress**: H&H's actions led to extraordinary distress, evoking feelings of embarrassment and frustration, exacerbating Dan's PTSD.

## <u>COUNT I</u>

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

31. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

## <u>COUNT II</u>

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

33. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

4

34. The likely effect of Defendant's debt collection efforts, as measured by the "unsophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

35. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT III

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

37. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT IV

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29 above as if fully set forth herein.

39. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT V

### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act

40. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29.

41. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission

> of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

42. Defendant violated 815 ILCS 505/2 through the unfair and deceptive nature of its conduct in relation to Plaintiff.

43. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

44. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

45. Plaintiff has suffered significant actual damages resulting from Defendant's unlawful practices, including both out of pocket expenses, as well as emotional pain and suffering.

## JURY DEMAND

46. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

47. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. Judgment against Defendant for actual and punitive damages as provided under 815 ILCS 505/10a(a).

   c. Judgment against Defendant for costs and reasonable attorney fees as provided under 815 ILCS 505/10a(c).

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   October 19, 2023

By: _/s/ Brian Guyer_
Brian Guyer, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: brian@hysliplegal.com

_Attorney for Plaintiff_